UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT EVANS RENO, <br><br> Defendant. | No. 1:18-CR-054-H-BU-3 |

### ORDER DENYING RENO'S MOTION FOR DISCOVERY

Before the Court is Robert Evans Reno's Motion for Discovery. Dkt. No. 135. Reno requests "all discovery" relating to his case so he can prepare to file a "next level" appeal. *Id.* The Court denies the motion because, absent a habeas corpus action and an order granting *in forma pauperis* status, Reno is not entitled to copies of court records at the government's expense for the purpose of searching for possible defects.

"An indigent defendant has no constitutional right to a free copy of court records for use in a collateral proceeding." *United States v. Hagan*, 730 F. App'x. 269, 270 (5th Cir. 2018); *see U. S. v. MacCollom*, 426 U.S. 317, 325–26 (1976). Additionally, "the expenditure of public funds is proper only when authorized by Congress[.]" *MacCollom*, 426 U.S. 317, 321 (1976).

Congress has authorized expenditure of public funds to provide a defendant with a copy of the trial-court record in certain situations. 28 U.S.C. § 2250 states that:

> [i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States may furnish to the petitioner without cost . . . parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Furthermore, 28 U.S.C. § 753(f) provides that "[f]ees for transcripts furnished . . . in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes."[1]  Accordingly, a defendant who seeks to file an application for a writ of habeas corpus can receive free copies of court records only if ordered by the presiding judge.  *Id.*; *United States v. Gossett*, No. 4:16-CR-131-O, 2019 WL 7811193, at *1 (N.D. Tex. Apr. 1, 2019).

Neither Section 2250 nor Section 753(f) authorizes a defendant to receive copies of the record after the original criminal proceeding has ended unless an application for a writ of habeas corpus has been filed and a court order permits the defendant to prosecute the application *in forma pauperis*.  Therefore, "[a]n indigent has no absolute right to a free copy of his transcript merely to search for possible defects."  *Gossett*, 2019 WL 7811193, at *1 (citing *Doyal v. United States*, 456 F.2d 1292, 1293 (5th Cir. 1972)).  And, "[a]n indigent criminal defendant is not entitled to copies of transcripts and other Court records at government expense to engage in a fishing expedition to search for possible defects at trial."  *Id.* (citing *MacCollom*, 426 U.S. 317, 325–26 (1976)).

Here, Reno requests all discovery relating to his criminal case.  Dkt. No. 135.  His motion does not explicitly request a copy of the record for his case, but because it asks for production of all discovery relating to the case, the Court interprets the request to ask for a

---

[1] For the government to pay for transcripts in proceedings under 28 U.S.C. § 2255, not only must the defendant be permitted to sue *in forma pauperis*, but "the trial judge or a circuit judge [must] certif[y] that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f).

2

copy of the entire record. Additionally, Reno explains that he is requesting the record so he can "prepare to file a next level appeal." Dkt. No. 135. On January 4, 2019, Judge Cummings sentenced Reno. Dkt. No. 106. Reno did not file an appeal, and the time for filing a direct appeal has expired. *See* Fed. R. App. P. 4(b)(1). Because Reno cannot file a direct appeal, the Court assumes that Reno uses the "next level appeal" language to refer to an application for a writ of habeas corpus. Accordingly, the Court interprets Reno's motion to state that Reno requests court records for the purpose of preparing to file an application for a writ of habeas corpus.

As discussed above, expenditure of public funds is appropriate only if authorized by Congress. Sections 2250 and 753(f) do not authorize the Court to expend public funds to provide a defendant with a copy of court records unless the defendant has filed an application for a writ of habeas corpus and has been permitted to proceed *in forma pauperis*. Additionally, Reno has not directed the Court to any statute, rule, or other source giving the Court legal authority to provide him with court records free of cost, and the Court is not aware of any such authority. Furthermore, by stating that he wants records to "prepare to file a next level appeal," Reno admits that he wants to search for possible defects upon which he could base an application for a writ of habeas corpus. Because the Court has identified no authority allowing it at this point to provide the documents that Reno requests, and because Reno is not entitled to engage in a fishing expedition to search for defects at trial, the Court denies Reno's Motion for Discovery. If Reno wants a copy of all court records for his criminal proceeding, he may request the records from the clerk and pay the appropriate fee. *See* LCrR 55.1(d).

So ordered on December 3, 2020.

                                                  _____
                                                  JAMES WESLEY HENDRIX
                                                  UNITED STATES DISTRICT JUDGE